UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| MICHAEL COLOSI, <br><br> Plaintiff, <br><br> v. <br><br> CHARLOTTE COUNTY, FLORIDA; UNITED STATES FISH AND WILDLIFE SERVICE; PAUL SOUZA, in his official capacity as Acting Director of the United States Fish and Wildlife Service; MIKE OETKER, in his official capacity as Regional Director of the United States Fish and Wildlife Service Southeast Region; UNITED STATES DEPARTMENT OF THE INTERIOR; and WALTER CRUICKSHANK, in his official capacity as Acting Secretary of the Interior, <br><br> Defendants. | Case No. 2:24-CV-1004-JES-KCD <br><br> **CONSERVATION GROUPS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS** |

Florida Wildlife Federation, Environmental Confederation of Southwest Florida, American Bird Conservancy, and Center for Biological Diversity (collectively, "Conservation Groups") respectfully request leave under Local Rule 3.01(d) to file a reply in support of their Motion to Intervene as Defendants (ECF 19). The reply would not exceed seven pages, inclusive of all parts, and would respond to the following arguments made by Plaintiff that Conservation Groups could not have previously anticipated.

1. Plaintiff asserts that Conservation Groups may not intervene as of right unless they have an interest in the "specific, discrete areas of land" at issue in the litigation, and that Conservation Groups' substantial interests in protection of the Florida Scrub-Jay ("Scrub-Jay") and conservation of its habitat, including in the area immediately surrounding Plaintiff's property, are insufficient to support intervention as of right. *See* Pl.'s Opp'n to Proposed Intervenors' Mot. to Intervene 3–11, ECF 30 (quote at 8). Conservation Groups seek an opportunity to respond that governing law contradicts Plaintiff's contention, particularly where, as here, Plaintiff seeks to eliminate critical species protections under federal and local authorities.

2. Plaintiff asserts that Conservation Groups' ability to protect their interests will not be impaired if intervention is denied because they would suffer no "direct" and "immediate" harm from the outcome of this case, asserting that certain other laws would enable Conservation Groups to protect their interests even if the Scrub-Jay's Endangered Species Act ("ESA") protections were eliminated. *Id.* at 5–6, 11–14 (quote at 12). Conservation Groups wish to show that Plaintiff misstates the

1

controlling legal standard, which Conservation Groups meet, and that Plaintiff mischaracterizes the import of the referenced non-ESA laws, which the U.S. Fish and Wildlife Service has deemed inadequate to prevent Scrub-Jay extinction.

3. Plaintiff claims that because Conservation Groups will allegedly focus on defending the Scrub-Jay's ESA protections, their interests are adequately represented by Federal Defendants, whose "interest in expansive federal power" should preclude intervention. *Id.* at 15. Conservation Groups seek an opportunity to show that they intend to defend both the Charlotte County Habitat Conservation Plan and the Scrub-Jay's ESA protections, and that their unique and specific interests are not adequately represented by the government agency defendants.

4. Plaintiff asserts that permissive intervention should be denied because of purported risks of undue delay, inefficiency, or prejudice. *Id.* at 17–18. Conservation Groups seek an opportunity to rebut this unfounded assertion.

5. Plaintiff requests that, should this Court grant intervention, it should impose several conditions on Conservation Groups' participation. *Id.* at 19–20. Conservation Groups wish to demonstrate that the cases Plaintiff cites are inapposite and that conditions are not warranted.

Conservation Groups' reply will help clarify the issues and legal standards regarding their Motion to Intervene and will assist the Court with its adjudication of that motion. Accordingly, Conservation Groups respectfully request that this Court grant them leave to file a seven-page reply, to be filed by the later of either two business days following such an order, or February 20, 2025.

## LOCAL RULE 3.01(g) CERTIFICATION

Defendant-Intervenor Applicants certify that they conferred with counsel for Plaintiff and Defendants via email prior to filing this motion. Plaintiff opposes this motion, Defendant Charlotte County does not oppose, and Federal Defendants take no position.

Respectfully submitted this 14th day of February, 2025.

/s/ Aaron Bloom
Aaron Bloom *(By Special Admission)*
Earthjustice
48 Wall Street, 15th Floor
New York, NY 10005
Phone: (917) 410-8727
Fax: (212) 918-1556
abloom@earthjustice.org

| | |
|---|---|
| Alisa Coe | Sharmeen Morrison (*By Special Admission*) |
| Earthjustice | Earthjustice |
| 111 S. Martin Luther King Jr. Blvd. | 50 California Street #500 |
| Tallahassee, FL 32301 | San Francisco, CA 94111 |
| Phone: (504) 388-6251 | Phone: (415) 217-2005 |
| Fax: (850) 681-0020 | Fax: (415) 217-2040 |
| acoe@earthjustice.org | smorrison@earthjustice.org |

*Counsel for Defendant-Intervenor Applicants*