**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

MICHAEL COLOSI,

    *Plaintiff,*

    v.

CHARLOTTE COUNTY, FLORIDA, *et al.,*

    *Defendants,*

and

FLORIDA WILDLIFE FEDERATION, *et al.,*

    *Defendant-Intervenors,*

Case No. 2:24-cv-1004-JES-DNF

**FEDERAL DEFENDANTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

The United States Fish and Wildlife Service ("FWS"), Brian Nesvik, in his

official capacity as Director of the FWS, Mike Oetker, in his official capacity as

Regional Director of the FWS's Southeast Region, the U.S. Department of the

Interior, and Doug Burgum, in his official capacity as Secretary of the U.S.

Department of the Interior, collectively ("Federal Defendants"), by and through

the undersigned attorneys, answer the claims and allegations raised against them

in the April 4, 2025, First Amended Complaint ("Complaint") of Michael Colosi

1

("Plaintiff"). Doc. 38. Federal Defendants deny any and all allegations of Plaintiff's Complaint, whether express or implied, that are not specifically admitted, qualified, or denied by this Answer.

The paragraph numbers in this Answer correspond to the paragraph numbers in the Complaint. Federal Defendants do not specifically respond to the section headings included in the Complaint, but to the extent those sections expressly or implicitly include substantive legal or factual allegations, Federal Defendants deny the allegations.

1.    The allegations in Paragraph 1 purport to characterize the Complaint, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

2.    The allegations in Paragraph 2 purport to characterize Plaintiff's case against Defendant Charlotte County, to which no response is required. The allegations in Paragraph 2 are also legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

3.    The allegations in Paragraph 3 purport to characterize Plaintiff's case, to which no response is required. The allegations in Paragraph 3 are also legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

4.      To the extent the allegations in Paragraph 4 purport to characterize the process for obtaining a permit pursuant to ESA Section 10, 16 U.S.C. § 1539(a)(1)(B), the allegations are legal conclusions to which no response is required. To the extent the allegations in Paragraph 4 purport to characterize the process for obtaining a permit from Defendant Charlotte County, Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of any remaining allegations in Paragraph 4 and deny them on that basis.

5.      Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 and deny them on that basis.

6.      Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 and deny them on that basis. Further, the allegations in Paragraph 6 purport to quote and characterize the Endangered Species Act ("ESA") and a Federal Register notice, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization in Paragraph 6 inconsistent with the plain language, context, or meaning of the ESA and the Federal Register notice.

7.      Federal Defendants admit that the FWS is an agency of the United States within the Department of the Interior and that FWS has been delegated

responsibility to administer the ESA. The remaining allegations Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

8.    Federal Defendants admit that the Director of the FWS is charged with certain responsibilities for administering the ESA and aver that Brian Nesvik is the Director of the FWS. The remaining allegations in Paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

9.    In response to the allegations in the first sentence of Paragraph 9, Federal Defendants admit that Mike Oetker is the Regional Director of the Service Southeast Region. The remaining allegations in the first sentence of Paragraph 9 characterize Plaintiff's case, to which no response is required. Federal Defendants admit the allegations in the second sentence of Paragraph 9. The allegations in the third sentence of Paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

10.    In response to the allegations in the first sentence of Paragraph 10, Federal Defendants admit that the Department of the Interior is an agency of the United States. The remaining allegations in Paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, Federal

Defendants deny the allegations.

11.    In response to the allegations in the first sentence of Paragraph 11, Federal Defendants admit that that Doug Burgum is the Secretary of the Interior. The remaining allegations in the first sentence of Paragraph 11 characterize Plaintiff's case, to which no response is required. The remaining allegations in Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

12.    The allegations in Paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

13.    The allegations in Paragraph 13 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 13 inconsistent with the plain language, context, or meaning of the ESA.

14.    The allegations in Paragraph 14 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization in Paragraph 14 inconsistent with the plain language, context, or meaning of the ESA and its implementing regulations.

15.    The allegations in Paragraph 15 purport to characterize the ESA's

implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization in Paragraph 15 inconsistent with the plain language, context, or meaning of the ESA's implementing regulations.

16.     The allegations in Paragraph 16 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization in Paragraph 16 inconsistent with the plain language, context, or meaning of the ESA and its implementing regulations.

17.     The allegations in Paragraph 17 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 17 inconsistent with the plain language, context, or meaning of the ESA.

18.     The allegations in the third sentence of Paragraph 18 purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 18 inconsistent with the plain language, context, or meaning of the Federal Register notice. The remaining allegations in Paragraph 18 are vague and ambiguous, and Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations and deny

6

them on that basis.

19.    Federal Defendants admit the allegations in Paragraph 19.

20.    The allegations in Paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

21.    The allegations in Paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

22.    The allegations in Paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

23.    Regarding the allegations in Paragraph 23, Federal Defendants admit that FWS issued a 30-year incidental take permit to Charlotte County in 2014, and the ITP addresses the Florida scrub-jay. The remaining allegations in Paragraph 23 purport to characterize the County-developed HCP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization inconsistent with the plain language, context, or meaning of the HCP.

24.    The allegations in Paragraph 24 purport to characterize County Ordinance No. 2015-003, §1, 2-10-15, which speaks for itself and is the best

evidence of its contents. Federal Defendants deny any allegation or characterization inconsistent with the plain language, context, or meaning of County Ordinance No. 2015-003, §1, 2-10-15.

25.    The allegations in Paragraph 25 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

26.    Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26 and deny them on that basis.

27.    The allegations in Paragraph 27 purport to characterize the Fee Schedule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization inconsistent with the plain language, context, or meaning of the Fee Schedule.

28.    Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28 and deny them on that basis.

29.    Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29 and deny them on that basis.

30.    The allegations in Paragraph 30 purport to characterize a letter,

which speaks for itself and is the best evidence of its contents. Federal

Defendants deny any allegation or characterization in Paragraph 30 inconsistent

with the plain language, context, or meaning of the letter.

31.     The allegations in Paragraph 31 purport to characterize

correspondence between Plaintiff and FWS, which speaks for itself and is the

best evidence of its contents. Federal Defendants deny any allegation or

characterization in Paragraph 31 inconsistent with the plain language, context, or

meaning of the correspondence.

32.     The allegations in Paragraph 32 purport to characterize an email,

which speaks for itself and is the best evidence of its contents. Federal

Defendants deny any allegation or characterization in Paragraph 32 inconsistent

with the plain language, context, or meaning of the email.

33.     The allegations in Paragraph 33 purport to characterize an email,

which speaks for itself and is the best evidence of its contents. Federal

Defendants deny any allegation or characterization in Paragraph 33 inconsistent

with the plain language, context, or meaning of the email.

34.     The allegations in Paragraph 34 purport to characterize emails,

which speak for themselves and are the best evidence of their contents. Federal

Defendants deny any allegation or characterization in Paragraph 34 inconsistent

with the plain language, context, or meaning of the emails.

35.     The allegations in Paragraph 35 purport to characterize an email, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 35 inconsistent with the plain language, context, or meaning of the email.

36.     The allegations in Paragraph 36 purport to characterize an email, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 36 inconsistent with the plain language, context, or meaning of the email.

37.     The allegations in the first sentence of Paragraph 37 purport to characterize an email, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in the first sentence of Paragraph 37 inconsistent with the plain language, context, or meaning of the email. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 37 and deny them on that basis.

38.     The allegations in Paragraph 38 purport to characterize an email, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 38 inconsistent with the plain language, context, or meaning of the email.

39.     The allegations in Paragraph 39 are legal conclusions to which no

response is required. To the extent a response is required, Federal Defendants deny the allegations.

40.    Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 40 and deny them on that basis.

41.    The allegations in Paragraph 41 purport to characterize a habitat conservation plan and an incidental take permit, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization in Paragraph 41 inconsistent with the plain language, context, or meaning of the habitat conservation plan and incidental take permit.

42.    Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 42 and deny them on that basis.

43.    Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 43 and deny them on that basis.

44.    Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 44 and deny them on that basis.

45.    Federal Defendants lack information or knowledge sufficient to

form a belief as to the truth of the allegations in Paragraph 45 and deny them on that basis.

46.     Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 46 and deny them on that basis.

47.     Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 47 and deny them on that basis.

48.     Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 48 and deny them on that basis.

49.     Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 49 and deny them on that basis.

50.     Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 50 and deny them on that basis.

51.     The allegations in Paragraph 51 purport to characterize an HCP application and an email, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization in

Paragraph 51 inconsistent with the plain language, context, or meaning of the
HCP application and the email.

52.    The allegations in the first sentence of Paragraph 52 purport to
characterize an application, which speaks for itself and is the best evidence of its
contents. Federal Defendants deny any allegation or characterization in the first
sentence of Paragraph 52 inconsistent with the plain language, context, or
meaning of the application. The allegations in the second sentence of Paragraph
52 purport to characterize a letter and emails, which speak for themselves and
are the best evidence of their contents. The allegations in the second sentence of
Paragraph 52 are also legal conclusions to which no response is required. To the
extent a response is required, Federal Defendants deny the allegations.

53.    The allegations in Paragraph 53 purport to characterize an email,
which speaks for itself and is the best evidence of its contents. Federal
Defendants deny any allegation or characterization in Paragraph 53 inconsistent
with the plain language, context, or meaning of the email.

54.    The allegations in Paragraph 54 purport to characterize an email,
which speaks for itself and is the best evidence of its contents. Federal
Defendants deny any allegation or characterization of Paragraph 54 inconsistent
with the plain language, context, or meaning of the email.

55.    The allegations in Paragraph 55 purport to characterize Plaintiff's

case, to which no response is required. To the extent a response is required, Federal Defendants admit that Mr. Colosi filed this action on October 29, 2024, and deny any remaining allegations.

56.     The allegations in Paragraph 56 purport to characterize a letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 56 inconsistent with the plain language, context, or meaning of the email.

57.     The allegations in the first sentence of Paragraph 57 purport to characterize Plaintiff's case, to which no response is required. Federal Defendants deny the allegations in the second sentences of Paragraph 57. The allegations in the third sentence of Paragraph 57 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

58.     The allegations in Paragraph 58 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

59.     Defendants hereby incorporate each and every answer contained in the preceding paragraphs.

60.     The allegations in Paragraph 60 purport to characterize Plaintiff's case against Charlotte County, to which no response is required.

61.     The allegations Paragraph 61 purport to characterize the U.S. Constitution, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 61 inconsistent with the plain language, context, or meaning of the U.S. Constitution.

62.     The allegations in Paragraph 62 purport to characterize Plaintiff's case against Charlotte County, to which no response is required.

63.     The allegations in Paragraph 63 purport to characterize Plaintiff's case against Charlotte County, to which no response is required.

64.     The allegations in Paragraph 64 purport to characterize Plaintiff's case against Charlotte County, to which no response is required.

65.     The allegations in Paragraph 65 purport to characterize Plaintiff's case against Charlotte County, to which no response is required.

66.     Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 66 and deny them on that basis.

67.     Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 67 and deny them on that basis.

68.     Federal Defendants lack information or knowledge sufficient to

form a belief as to the truth of the allegations in Paragraph 68 and deny them on that basis.

69.    The allegations in Paragraph 69 purport to characterize Plaintiff's case against Charlotte County, to which no response is required.

70.    Defendants hereby incorporate each and every answer contained in the preceding paragraphs.

71.    The allegations in Paragraph 71 purport to characterize Plaintiff's case, to which no response is required.

72.    The allegations in Paragraph 72 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 72 inconsistent with the plain language, context, or meaning of the APA.

73.    The allegations in Paragraph 73 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

74.    The allegations in Paragraph 74 purport to characterize the U.S. Constitution, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 74 inconsistent with the plain language, context, or meaning of the U.S.

Constitution.

75.    The allegations in Paragraph 75 purport to characterize the U.S. Constitution, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 75 inconsistent with the plain language, context, or meaning of the U.S. Constitution.

76.    The allegations in Paragraph 76 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

77.    Federal Defendants admit the allegations in the first sentence of Paragraph 77. The remaining allegations in Paragraph 77 are vague and ambiguous, and Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations and deny them on that basis.

78.    The allegations in Paragraph 78 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

79.    The allegations in Paragraph 79 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

80.    The allegations in Paragraph 80 are legal conclusions to which no

response is required. To the extent a response is required, Federal Defendants

deny the allegations.

81.    The allegations in Paragraph 81 are legal conclusions to which no

response is required. To the extent a response is required, Federal Defendants

deny the allegations.

82.    Federal Defendants hereby incorporate each and every answer

contained in the preceding paragraphs.

83.    The allegations in Paragraph 83 purport to characterize Plaintiff's

case, to which no response is required.

84.    The allegations in Paragraph 84 purport to characterize the U.S.

Constitution, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny any allegation or characterization in Paragraph 84

inconsistent with the plain language, context, or meaning of the U.S.

Constitution.

85.    The allegations in Paragraph 85 purport to characterize the U.S.

Constitution, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny any allegation or characterization in Paragraph 85

inconsistent with the plain language, context, or meaning of the U.S.

Constitution.

86.    The allegations in Paragraph 86 are legal conclusions to which no

response is required. To the extent a response is required, Federal Defendants deny the allegations.

87.    Federal Defendants admit the allegations in the first sentence of Paragraph 87. The remaining allegations in Paragraph 87 are vague and ambiguous, and Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations and deny them on that basis.

88.    The allegations in Paragraph 88 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

89.    The allegations in Paragraph 89 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

90.    The allegations in Paragraph 90 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

91.    The allegations in Paragraph 91 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

92.    Federal Defendants hereby incorporate each and every answer contained in the preceding paragraphs.

93.    The allegations in Paragraph 93 purport to characterize Plaintiff's
case, to which no response is required.

94.    The allegations in Paragraph 94 purport to characterize the U.S.
Constitution, which speaks for itself and is the best evidence of its contents.
Federal Defendants deny any allegation or characterization in Paragraph 94
inconsistent with the plain language, context, or meaning of the U.S.
Constitution.

95.    The allegations in Paragraph 95 purport to characterize the U.S.
Constitution, which speaks for itself and is the best evidence of its contents.
Federal Defendants deny any allegation or characterization in Paragraph 95
inconsistent with the plain language, context, or meaning of the U.S.
Constitution.

96.    The allegations in Paragraph 96 are legal conclusions to which no
response is required. To the extent a response is required, Federal Defendants
deny the allegations.

97.    Federal Defendants admit the allegations in the first sentence of
Paragraph 97. The remaining allegations in Paragraph 97 are vague and
ambiguous, and Federal Defendants lack information and knowledge sufficient
to form a belief as to the truth of the allegations and deny them on that basis.

98.    The allegations in Paragraph 98 are legal conclusions to which no

response is required. To the extent a response is required, Federal Defendants deny the allegations.

99.    The allegations in Paragraph 99 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

100.    The allegations in Paragraph 100 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

101.    The allegations in Paragraph 101 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

102.    The allegations in Paragraph 102 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's demands for relief, which require no response. To the extent that a response is required, Defendants deny that they have violated any legal authority or requirements and deny that Plaintiff is entitled to any relief.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein. To the extent the attached exhibits are not explicitly referenced, they speak for themselves.

## AFFIRMATIVE DEFENSES

1.     Plaintiff lacks standing.

2.     To the extent Plaintiff's First Amended Complaint seeks damages in excess of $10,000 against Federal Defendants, the Court lacks subject matter jurisdiction.

3.     Plaintiff fails to adequately state a claim for relief based on alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution.

4.     Plaintiff has failed to identify any final agency action sufficient to allow review under the Administrative Procedure Act and has failed to identify any other waiver of the United States' sovereign immunity.

DATED: December 5, 2025          ADAM R.F. GUSTAFSON
                                 Principal Deputy Assistant Attorney General
                                 United States Department of Justice
                                 Environment & Natural Resources Division

                                 */s/ Mark Arthur Brown*
                                 MARK ARTHUR BROWN
                                 Senior Trial Attorney (FL Bar 0999504)
                                 Wildlife & Marine Resources Section
                                 Benjamin Franklin Station, P.O. Box 7611

Washington, DC 20044-7611
Tel: (202) 532-3103
Email: mark.brown@usdoj.gov

*Attorneys for Federal Defendants*

Of Counsel:

Parks Gilbert
Attorney-Advisor
Southeast Regional Solicitor's Office
U.S. Department of the Interior
1849 C St NW
Washington, DC 20240
parks.gilbert@sol.doi.gov

Helen Speights
Attorney-Adviser
Southeast Regional Solicitor's Office
U.S. Department of the Interior
75 Spring Street SW, Suite 304
Atlanta, GA 30303
helen.speights@sol.doi.gov