UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| MICHAEL COLOSI,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARLOTTE COUNTY, FLORIDA; UNITED STATES FISH AND WILDLIFE SERVICE; BRIAN NESVIK[1], in his official capacity as Director of the United States Fish and Wildlife Service; MIKE OETKER, in his official capacity as Regional Director of the United States Fish and Wildlife Service Southeast Region; UNITED STATES DEPARTMENT OF THE INTERIOR; and DOUG BURGUM, in his official capacity as Secretary of the Interior,<br><br>    Defendants,<br><br>FLORIDA WILDLIFE FEDERATION, ENVIRONMENTAL CONFEDERATION OF SOUTHWEST FLORIDA, AMERICAN BIRD CONSERVANCY, CENTER FOR BIOLOGICAL DIVERSITY,<br><br>    Defendant-Intervenors. | Civil Action No.<br>2:24-cv-01004-JES-DNF |

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), U.S. Fish & Wildlife Service Director Brian Nesvik is automatically substituted for Paul Souza.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference over zoom on 11/21/2025. Johanna Talcott, Mark Brown, Mark Salky, Aaron Bloom, Frank Garrison, Parks Gilbert, and Sharmeen Morrison attended the conference.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

   | Action or Event | Date |
   |---|---|
   | Deadline for providing mandatory initial disclosures.[2] *See* Fed. R. Civ. P. 26(a)(1). | 1/28/2026 |
   | Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 2/16/2026 |
   | Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).      Plaintiff | 4/7/2026 |
   | Defendants | 4/7/2026 |
   | All Parties' Rebuttals | 5/5/2026 |
   | Deadline for completing discovery and filing any motion to compel discovery.[3] *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 6/12/2026 |

---

[2] Consistent with Federal Defendants' position that Plaintiff's claims against Federal Defendants are subject to record review, Federal Defendants will produce an administrative record on this date in lieu of initial disclosures pursuant to Fed. R. Civ. P. 26. Plaintiff and Defendant-Intervenors do not oppose Federal Defendants' proposal to produce an administrative record in lieu of initial disclosures. However, as explained in item 3 below, Plaintiff and Defendant-Intervenors disagree with Federal Defendants' position—stated here and elsewhere—that Plaintiff's claims against Federal Defendants are subject to record review and reserve the right to rely on all relevant and admissible evidence in litigating those claims.

[3] The parties reserve their rights to seek discovery from the Federal Defendants. The Federal Defendants reserve the right to oppose any discovery requests involving Federal Defendants.

| | |
|---|---|
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | see item 3 below |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Mediator to be determined by the parties' agreement by 2/13/2026 | 7/2/2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | N/A-see item 3 below |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | N/A-see item 3 below |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 12/16/2026 |
| Month and year of the trial term. | N/A-see item 3 belowEnter a date. |

The trial will last approximately 2-4 days and be

☐ jury.

☒ non-jury. (see item 3 below)

3. **Description of the Action**

This case involves constitutional claims against Charlotte County and the Federal Defendants. Several conservation groups intervened as defendants. Count I against the County alleges a violation of the Fifth and Fourteenth Amendments under § 1983. Count II against the Federal Defendants alleges an Unconstitutional Final Agency Action under 5 U.S.C. § 706. Counts III and IV against the Federal Defendants allege violations under Article I, Section 8 (Commerce Clause). The claims and relevant facts are of moderate complexity and require relatively limited

3

discovery.[4] The parties agree that this action will most likely be resolved on dispositive motions and is unlikely to proceed to trial.

The parties propose the following page limits and schedule for dispositive briefing:

| | |
|---|---|
| 7/17/2026 | Plaintiffs' motion for summary judgment  (25 pages) |
| 8/21/2026 | Federal Defendants', County Defendant's, and Intervenor-Defendants' respective responses to Plaintiffs' motion for summary judgment and cross-motions for summary judgment  (30 pages each) |
| 9/25/2026 | Plaintiffs' combined response/reply memorandum  (40 pages) |
| 10/23/2026 | Federal Defendants', County Defendant's, and Intervenor-Defendants' respective reply memoranda  (15 pages each) |

The parties will confer and submit a revised case management report if this action is not resolved on dispositive motions.

In addition to the foregoing, Federal Defendants state as follows:

Trial regarding claims asserted against the United States would be inappropriate as would discovery proceedings against Federal Defendants, because the Court should determine agency compliance with the law based on the administrative record on which any challenged Federal agency decisions were made. *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246-47 (11th Cir. 1996). Constitutional claims are reviewed based on the Federal defendant agency's administrative record even where, as here, a party fails to plead a particular claim for relief under the Administrative Procedure Act. *Smith v. U.S. Air Force*, 566 F.2d 957, 958 (5th Cir. 1978) (per curiam) (looking to administrative record to determine if administrative action complied with the required procedural due process); *Callis v. HHS*, 877 F.2d 890 (11th Cir. 1989) (per curiam) (requiring administrative record to determine if plaintiff had stated a colorable constitutional due process claim).

In response to Federal Defendants' statement, Defendant-Intervenors state as follows:

Defendant-Intervenors agree with all parties, as noted above, that this action likely can be resolved on dispositive motions and that trial therefore will likely be unnecessary, but Defendant-Intervenors disagree with Federal Defendants' assertion that the Court's consideration of the claims against the Federal Defendants is limited to the administrative record. The Court must decide those

---

[4] As set forth in Federal Defendants' statement below, Federal Defendants maintain that Plaintiff's claims against Federal Defendants are subject to record review and reserve the right to oppose any discovery requests involving Federal Defendants.

4

constitutional claims on the actual facts of the case, which include non-administrative record facts related to Plaintiffs' Commerce Clause allegations. Thus, courts have relied on non-administrative record evidence in deciding prior Commerce Clause challenges to Endangered Species Act protections for a single-state species—nearly identical to the claims against Federal Defendants here. *See, e.g.*, *Alabama-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1273–74 (11th Cir. 2007); *Gibbs v. Babbitt*, 214 F.3d 483, 493–96 (4th Cir. 2000); *cf. Callahan v. United States Dep't of Health & Hum. Servs. through Alex Azar II*, 939 F.3d 1251, 1265–66 (11th Cir. 2019) (holding that constitutional due process claim against federal agency required consideration of non-administrative record facts); *Porter v. Califano*, 592 F.2d 770, 785 (5th Cir. 1979) (ordering "discovery and a full evidentiary trial" on First Amendment challenge to federal agency action). Defendant-Intervenors' previously filed motion for summary judgment cites to and attaches examples of non-administrative record evidence relevant to those claims. ECF No. 52 at 9–22. However, Defendant-Intervenors believe the parties may be able to resolve this disagreement based on review of the specific evidentiary materials produced by the parties as discovery proceeds.

Plaintiff concurs with Defendant-Intervenors' position on this issue.

## 4. Disclosure Statement

☒ Each party has filed a disclosure statement using the required form.

## 5. Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6. Consent to a Magistrate Judge

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties

> certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☒ Yes.
   ☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects: The general factual allegations in Plaintiff's First Amended Complaint, the factual allegations of Count I and all facts bearing on the elements of Count I, the factual allegations of any answer and affirmative defenses raised by the Defendants. Federal Defendants maintain that Plaintiff's claims against Federal Defendants are

6

subject to record review and reserve the right to oppose any discovery requests involving Federal Defendants.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

7

## 12. Signatures

/s/ *Johanna B. Talcott*
Johanna B. Talcott
Pacific Legal Foundation
4440 PGA Blvd., Suite 307
Palm Beach Gardens, Florida 33410
jotalcott@pacificlegal.org
*Lead Counsel for Plaintiff*

/s/ *Mark A. Salky*
Mark A. Salky
Kerri L. Barsh
Alexa J. Rosenson
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
mark.salky@gtlaw.com
barshk@gtlaw.com
alexa.rosenson@gtlaw.com
*Counsel for Defendant Charlotte County, Florida*

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

/s/ *Mark A. Brown*
Mark Arthur Brown
Senior Trial Attorney
Wildlife and Marine Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
mark.brown@usdoj.gov
*Counsel for Federal Defendants*

/s/ *Aaron Bloom*
Aaron Bloom*
Earthjustice
48 Wall Street, 15th Floor
New York, NY 10005
abloom@earthjustice.org
*Lead counsel for Defendant-Intervenors*

8